# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| VANQUISH WORLDWIDE, L.L.C., | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 3:18-cv-242<br>)<br>) Judge Thomas W. Phillips |
| MOHAMMAD JAWID KOSHANI, | )<br>) |
| Defendants. | )<br>) |

## PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT

Plaintiff, Vanquish Worldwide, LLC ("Vanquish"), pursuant to Rule 56 of the Federal Rules of Civil Procedure, submits the following Plaintiff's Response to Motion for Summary Judgment. This Response is also supported by the Plaintiff's Response to Defendant's Statement of Material Facts, which is being filed contemporaneously herewith. In support of its Response, Plaintiff states as follows:

This case concerns Vanquish's claims against its former employee, Mohammad Jawid Koshani. Vanquish hired Mr. Koshani in August 2011 to serve as its "Operations Manager" on a contract Vanquish had won to provide trucking services to the U.S. Army in Afghanistan, called the National Afghan Trucking or "NAT" Contract. Under the terms of Mr. Koshani's Confidentiality, Non-Disclosure and Non-Competition Agreement (the "NDA"), Mr. Koshani agreed not to solicit, divert or appropriate any of Vanquish's customers, vendors or employees and also agreed not to engage in any business that is the same as or essentially the same as Vanquish in a designated geographic area. (A complete, signed copy of the NDA is attached to Defendant's Statement of Material Facts Not in Dispute. Doc. 23-1.) When the Complaint originally was filed, Vanquish had only recently learned that Mr. Koshani had obtained a "phantom" email account

with a "vanquish.af" domain that he was using while he still was employed by Vanquish. Since that time, Vanquish has learned that Mr. Koshani communicated with U.S. Government contracting officials in Afghanistan in 2012 and 2013, including those working on the NAT Contract in an effort to divert Vanquish's business away from Vanquish and to a newly-formed entity created by Mr. Koshani and his brother, unbeknownst to Vanquish. Vanquish has also recently learned that Mr. Koshani took steps to improperly, and in violation of his NDA, solicit Vanquish employees. Since filing the Complaint, Vanquish also has felt the impact of Mr. Koshani's actions, including the additional costs and expenses associated with responding to a U.S. State Department investigation surrounding Mr. Koshani's false statements on his visa application to gain entry to the United States. At the present time, Plaintiff is contemplating filing an amended complaint and will make that decision in time to comply with this Court's Scheduling Order (or will request an extension of that deadline before it expires).

Defendant has moved for summary judgment on essentially three grounds. First, he argues that all of Vanquish's claims are barred by res judicata and collateral estoppel based on the decision in *Koshani v. Barton*, 17-cv-265. But that judgment is not yet "final" for res judicata and collateral estoppel purposes. So, that argument is not well-taken and should be denied. Second, Defendant argues that some of Vanquish's claims are barred by limitations. But Defendant seeks to apply the incorrect statute of limitations to one of Vanquish's claims and ignores the "discovery rule" on that claim and the others. The bottom line is that Vanquish's contract-based claims are timely— and there does not seem to be any dispute about that. As to the tort-based claims, those also are timely because Vanquish only discovered in the three years prior to filing the Complaint that Mr. Koshani took the actions and made the false statements to the government officials. Finally, Defendant asserts that Vanquish cannot prove that Mr. Koshani's actions proximately caused any

2

Case 3:18-cv-00242-RLJ-HBG    Document 31    Filed 07/15/19    Page 2 of 16    PageID #: 474

of the damages suffered by Vanquish. However, Defendant has not taken any discovery in this case and does not know the basis for any of Plaintiff's claims other than as stated in the Complaint. In fact, as noted above, there is a direct causal link between Mr. Koshani's actions to falsely state on a State Department visa application that he was employed by Vanquish for a period of time longer than he actually was employed and the costs incurred by Vanquish to assemble documents and to meet with State Department investigators who were investigating Mr. Koshani's false statements. Vanquish also has adequate evidence to raise a jury question on the proximate cause issue raised by Defendant. Alternatively, Plaintiff seeks additional time to present facts sufficient to meet its burden pursuant to Fed.R.Civ.P. 56(d).[1] *See* Declaration of Michael D. Maloney, attached as Exhibit A. At the end of the day, Defendant's arguments relating to proximate cause should be rejected because Vanquish can make out a question of fact regarding the damages that were caused by Mr. Koshani's actions. At a minimum, the issues raised by Defendant are questions of fact for resolution by a jury.

---

[1] Plaintiff has unfairly been deprived of discovery necessary to respond fully to this Motion. At the same time this Motion was being filed, the deposition of a key witness, Shafiqullah Koshani, was cancelled after-the-fact, by the witness's failure to appear. (Both Koshanis are represented by the same counsel.) There has been a "waterfall" effect that has negatively impacted Plaintiff here. Had Mr. Shafiqullah Koshani appeared for deposition as scheduled, Plaintiff would have discovered facts that would have informed Plaintiff's expert witnesses and would have led to additional investigation and additional discovery. Defendant has requested a "stay" of discovery, which Plaintiff has opposed. *See* Docs.24 and 26. (Defendant's Motion purportedly was premised on "issue preclusion." Doc. 24 at pp 1 -5. As discussed below, Defendant's position concerning res judicata and collateral estoppel is not supported by the law in Tennessee.) And, despite the fact that no "stay" of discovery has been issued, Plaintiff has been able to obtain no discovery since Defendant's request was filed. The time for disclosure of experts is approaching and likely will need to be enlarged and other deadlines also will likely need to be moved as a result of Defendant's unsupported position.

3

## LEGAL STANDARD

To be entitled to summary judgment, the burden a defendant must bear is well-known. A defendant can win summary judgment only if he "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Defendant bears the substantial burden of establishing that no genuine issues of material fact exist.[2] *Celotex Corp. v. Cattrett*, 477 U.S. 317, 330 n. 2 (1986); *Moore v. Philip Morris Co., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993). All facts and all inferences to be drawn from those facts must be viewed in the light most favorable to Vanquish. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Keifer*, 301 F.3d 937, 942 (6th Cir. 2002). Moreover, the Court may not resolve issues of fact in favor of Defendant. *Tolan v. Cotton*, 134 S.Ct. 1861, 1863 (2014).

To establish a genuine issue of fact, Vanquish need only point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court does not weigh the evidence or determine the truth of any matters. *Id*. at 249. The Court also does not search the record "to establish that it is bereft of a genuine issue of fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). Therefore, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by the finder

---

[2] Significantly, the Sixth Circuit has recognized that "only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment." *Wiley v. U.S.*, 20 F.3d 222, 226 (6th Cir. 1994) quoting *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988). Here Plaintiff has objected to many of the facts included in Defendant's Statement of Material Facts, as not admissible in evidence; therefore, this Court should not consider them as a proper basis for summary judgment. *See* Plaintiff's Response to Defendant's Statement of Material Facts (noting objections to 8 out of 27 statements).

of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250. Summary judgment is not appropriate here.

## ARGUMENT

I. **Res judicata and collateral estoppel are not applicable because there is no "final" judgment in the prior case.**

Defendant's main argument is an attempt to make res judicata and collateral estoppel a basis for summary judgment. *See* Memorandum in Support of Defendant's Motion for Summary Judgment ("Def.Mem.") at 12-14. However, one of the necessary elements for both res judicata and collateral estoppel is "that the underlying judgment was final and on the merits." *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012). Moreover, the rule in Tennessee for when a judgment becomes final for res judicata and collateral estoppel purposes is well-settled: "As a general rule, a trial court's judgment becomes final thirty days after its entry unless a party files a timely appeal or specified post-trial motion." *Creech v. Addington*, 281 S.W.3d 363, 377 (Tenn. 2009) citing *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996). *See also McBurney v. Aldrich*, 816 S.W.2d 30, 34 (Tenn.Ct.App.1991) ("It is generally agreed that a judgment is not final and res judicata where an appeal is pending.").

The prior action that Defendant seeks to use to set up his res judicata and collateral estoppel defenses is *Koshani v. Barton*, 17-cv-265. Defendant appears to note that there is no final judgment in that case at least as of the time of filing his Motion. There is currently pending a post-trial motion in that case. *See Koshani v. Barton*, Doc. 265. Thus, there is currently no "final" judgment in that case. Accordingly, Defendant cannot establish all of the elements necessary for res judicata or collateral estoppel, and his Motion should be denied on this ground.

5

**II.     Plaintiff's claims are not barred by the statutes of limitations.**

Defendant also argues that Counts II through V of Plaintiff's Complaint are barred by the statutes of limitations. *See* Def.Mem. at 3. But Defendant has attempted to apply the incorrect statute of limitations to Plaintiff's claims in Count II that are based on the parties' NDA. In addition, Defendant fails to establish when any of Plaintiff's claims accrued for purposes of establishing the limitations bar. Instead, Defendant focuses his attention on when Vanquish's counterclaims in another lawsuit against his brother, Shafiqullah Koshani accrued and tries to play off of those facts to extrapolate when Vanquish must have first become aware of its claims against Mr. Koshani. But Defendant ignores the "discovery rule" that is applicable in Tennessee and is applicable here. Under the case law applying the discovery rule, at a minimum, there is a question of fact as to when Vanquish first learned of it claims against Mr. Koshani. That is sufficient to defeat Defendant's argument; however, the facts here establish that Vanquish did not learn of its claims against Mr. Koshani until August 2015 when it received copies of emails showing that Defendant had a new email address and had been communicating with U.S. Government officials in violation of his NDA. *See* Plaintiff's Response to Defendant's Statement of Material Facts, ¶¶ 29 – 37. Defendant's argument should be rejected.

   A.     The six-year statute of limitations applies to Vanquish's Count II claims.

Defendant asserts that the applicable statute of limitations for the claims in Count II of the Complaint is three years. *See* Def.Mem. at 3. Those claims are for breach of the duty of loyalty that arise out of Mr. Koshani's contract with Vanquish, the NDA. Thus, Tenn.Code Ann. § 28-3-105 is not applicable, and Tenn.Code Ann. § 28-3-109 applies. *See Kinnard v. Shoney's, Inc.*, 39 Fed.Appx 313 (6th Cir. 2002). *See also Chattanooga-Hamilton Co. Hosp. Auth. v. Xerox*, 2017 WL 2637745 (E.D.Tenn. June 18, 2017); and *Dean Witter Reynolds, Inc. v. McCoy*, 853 F.Supp. 1023,

1035 (E.D.Tenn. 1994) (breach of fiduciary duty claims arising from contract were quasi-contractual in nature and six-year limitations period applied). The clear gravamen of Plaintiff's Complaint is that the claims in Count II for breach of duty of loyalty arise out of the contractual relationship between Vanquish and Mr. Koshani. Because the proper statute of limitations is the six-year statute, Plaintiff's claims in Count II are not barred by limitations. Thus, Defendant's argument concerning Count II should be rejected.

> B. The discovery rule applies to all Vanquish's claims and under that rule, all of Vanquish's claims accrued, at the earliest, in August 2015.

In making his argument, Defendant does not address when Plaintiff's claims accrued and ignores the "discovery rule," a longstanding common-law rule in Tennessee. *See Pero's Steak & Spaghetti House v. Lee*, 90 S.W.3d 614, 621 (Tenn. 2002). This Court has held: "Under the discovery rule, a statute of limitations begins to run from the time that 'a plaintiff discovers, or in the exercise of reasonable care and diligence, should have discovered, his injury and the cause thereof.'" *Koshani v. Barton*, 374 F.Supp.3d 695, 702 (E.D.Tenn. 2019) quoting *City State Bank v. Dean Witter Reynolds, Inc.*, 948 S.W.2d 729, 735 (Tenn. Ct. App. 1996) (citation omitted). This Court also has recognized that "the question of whether a plaintiff has met this standard is factual in nature, and it is therefore improper for the Court's consideration at [the pretrial] stage of the litigation." *Id.* citing *Gerdau Ameristeel, Inc. v. Ratliff*, 368 S.W.3d 503, 509 (Tenn. 2012) ("The question of whether a plaintiff has exercised reasonable diligence and care in discovering that he has a cause of action ... is a question of fact." citing *Wyatt v. A-Best, Co.*, 910 S.W.2d 851, 854 (Tenn. 1995)).

The Tennessee Supreme Court discussed the issue of accrual in *Redwing v. Catholic Bishop of The Diocese of Memphis*, 363 S.W.3d 436, 457 (Tenn. 2012). The Court explained that a claim

7

does not accrue until the claimant discovers, or should have discovered, both that he has been injured and the party who caused the injury:

> Following our discussion in *Teeters v. Curry*, [518 S.W.2d 512 (Tenn. 1990)], this Court refined the discovery rule to make it clear that it included not only the discovery of the injury but also the discovery of the source of the injury. *Sherrill v. Souder*, 325 S.W.3d 584, 585 (Tenn. 2010) (holding that **the cause of action accrues when the plaintiff discovers both the injury and the "identity of the person or persons whose wrongful conduct caused the injury"**) [other citations omitted].

*Id*. at 458 – 59 (emphasis added). Likewise, in *Pero's Steak and Spaghetti House v. Lee,* 90 S.W.3d 614 (Tenn. 2002), the Tennessee Supreme Court also emphasized that a claim does not accrue until the claimant discovers that he has been injured and who caused the injury:

> The plaintiff is deemed to have discovered the right of action when plaintiff becomes aware of facts sufficient to put a reasonable person on notice that he or she has suffered an injury **as a result of the defendant's conduct**.

90 S.W.3d at 621 (emphasis added).

Defendant is unable to show when Plaintiff first learned **that Mr. Mohammad Jawid Koshani caused harm** to Vanquish.[3] That is not surprising; Defendant has not conducted any discovery in this matter. Based on the Declaration of Mr. Barton, the following facts are undisputed:

- In August 2015, Vanquish obtained records that showed for the very first time that Jawid Koshani had used an email account with a "vanquish.af" domain at the very same time he

---

[3] Defendant points to only two "facts" concerning "Jawid" Koshani's involvement here. First, Defendant misquotes an email from Mr. Barton in 2012 that purports to establish that Mr. Koshani was involved in a scheme to "block" Vanquish from obtaining a license from AISA. Def.Mem. at 5. As noted in Plaintiff's Response to Defendant's Statement of Facts, that suspicion was never confirmed by Vanquish and, significantly, has not been admitted by Defendant in this litigation. Moreover, Plaintiff's claims against Mr. Koshani in this case are based on his false statements and actions directed toward U.S. Government officials, not at Afghan authorities such as those at AISA. And, Defendant points to an email in which Defendant is "speaking" for his brother, Shafiqullah Koshani. *See id*. and Ex. L attached to Defendant' Statement of Facts. But that email was part and parcel of settlement negotiations between Mr. Barton and Mr. Shafiqullah Koshani and is inadmissible here. Fed.R.Civ.P. 56(c); and *Wiley v. U.S., supra.*

- was employed by Vanquish and using the "govanquish.com" domain email account. Barton Decl., ¶ 3.
- Mr. Barton was provided access to records in 2018 showing for the very first time that Shafiqullah Koshani had set up a sole proprietorship, named Vanquish Worldwide and that included a new bank account for that entity.
- In 2018, Mr. Barton also learned for the very first time that Jawid Koshani was identified as a "Point of Contact" and a key employee of the sole proprietorship set up by Shafiqullah Koshani, even though Jawid Koshani was employed by Vanquish at that very same time. Barton Decl, ¶ 4.
- In 2018, Mr. Barton also learned for the very first time that Jawid Koshani had made false statements to U.S. Government personnel regarding the prime contractor on the NAT Contract. Barton Decl, ¶ 4.
- In 2018, Mr. Barton also learned for the very first time that Jawid Koshani and Shafiqullah Koshani had prepared false "Past Performance Questionnaires" for submittal to the U.S. Government contracting personnel. Barton Decl., ¶ 4.

Therefore, Vanquish's claims against Mr. Koshani accrued, at the earliest, in August 2015. And, Defendant's motion should be denied on this ground.

Defendant separately argues that Vanquish's claims against him relating to the visa fraud scheme and the PPQ scheme do not constitute a "continuing" conspiracy that would toll the statute of limitations. Mem. at 6-7. Defendant's argument should be rejected. He has not established when the claims for the PPQ and visa fraud schemes accrued. Therefore, he cannot make out a case for application of the statute of limitations defense. In fact, as set forth in the Complaint, Vanquish did not become aware of those actions until 2018. *See* Complaint at ¶¶ 29 - 34. *See also* Barton Decl., ¶¶ 4 – 5 (stating that he became aware in August 2015). If the claims only accrued in August of 2015, and the Complaint was filed in June 2018, then the statute of limitations for those claims could not have expired.[4]

---

[4] There is another reason that Defendant's argument should be rejected—or at least deferred until Plaintiff is able to complete discovery sufficient to establish a record. *See* Decl. of Michael D. Maloney. If Vanquish is able to obtain adequate discovery, it will show that the statute of limitations for all of its claims was tolled by the Tennessee "Absence from the State" tolling statute, Tenn.Code Ann. § 28-1-111. Defendant may attempt to argue that the Tennessee Supreme Court limited the reach of the tolling statute in *Arrowood v. McMinn County*, 121

9

### III. Defendant has not established that Plaintiff cannot prove proximate cause.

Defendant argues that Plaintiff cannot establish any damages that were proximately caused by Defendant's actions and false statements. Def.Mem. at 8. Defendant is not correct. He has taken no discovery in this case and so does not have a sufficient basis to make his argument in any event. Vanquish suffered damages, as noted above, directly as a result of Mr. Koshani's false statement on his visa application and due to the PPQ scheme he engaged in. *See, generally*, Barton Decl. With regard to the U.S. Army's suspension of Vanquish, Vanquish has adequate proof to raise a genuine issue of material fact that Mr. Koshani's actions and false statements were a proximate cause of the damages suffered by Vanquish flowing from the U.S. Army's suspension under the NAT Contract. This argument should be rejected.

    A.    <u>Vanquish suffered damages from Mr. Koshani's false statements on visa applications and the PPQ scheme.</u>

Mr. Koshani made false statements on his visa application to gain entry into the U.S. Vanquish learned of those false statements from investigators from the U.S. Department of State. *See* Barton Decl., ¶ 5. Vanquish has cooperated with the State Department investigation and has incurred costs for the time of its personnel to gather records and to prepare for and to meet with the State Department investigators. *Id*. Vanquish incurred costs and expenses that resulted directly

---

S.W.2d 566 (Tenn. 1938), but that argument is misguided and ignores the strong Tennessee state statutory policy behind the tolling statute to allow for resolution of claims on their merits where "a party is prevented from having his legal remedy by non-residence of defendant." *Id*. at 568. Plaintiff's argument would be misguided because it would ignore the Constitutional requirements of minimum contacts, which were not at issue in *Arrowood* because of the statutory scheme where the Non-Resident Motorist statute filled that gap. Of course, that is not present here. But Plaintiff's argument would not make sense for another reason and would result in the "exception swallowing the rule" because, applying Defendant's reasoning, there would **never** be a factual scenario where service could not be made on a defendant, and by the same token, there would **never** be a factual scenario where the tolling statute would apply. That would not, and could not, be the holding of the Tennessee Supreme Court in *Arrowood* and its progeny.

10

Case 3:18-cv-00242-RLJ-HBG   Document 31   Filed 07/15/19   Page 10 of 16   PageID #: 482

from Mr. Koshani's false statements and, as such, Defendant's argument should be denied. Id. at ¶ 6.

Mr. Koshani undertook a scheme with his brother, Shafiqullah Koshani whereby it appears that they would prepare and execute "Past Performance Questionnaires" purportedly from Vanquish in an effort to convince the U.S. Government contracting personnel that entities they were affiliated with had experience and a past performance record that those entities did not really have. Complaint, ¶¶ 29-30. Vanquish was directly harmed by those actions because the U.S. Government contracting officials were confused about which entity and which personnel were actually affiliated with Vanquish and which subcontractors and vendors actually performed services for Vanquish. *Id*. at ¶¶ 38, 52, 59, and 66. As noted in the attached Declaration, Vanquish is still in the process of estimating its damages and reserves the right to amend its Complaint as necessary.[5] *See* Barton Decl., ¶ 6.

> B. Vanquish suffered damages relating to the Army's suspension of the NAT Contract because Mr. Koshani's false statements and actions were a proximate cause of the Army's breach.

Defendant's argument about proximate causation distorts Plaintiff's claims. *See* Def.Mem. 8-11. One of Plaintiff's claims is for tortious interference with contract and one claim is for statutory inducement of breach of contract. *See* Complaint, Counts III and IV. Under those claims, Vanquish alleged that Mr. Koshani's actions and false statements were a proximate cause of the Army's breach of the NAT Contract. Those claims also allege that Mr. Koshani interfered with the NAT Contract causing the Army's breach. The Complaint did not allege, and Vanquish does not claim that Mr. Koshani's false statements and actions were the **sole cause** of the Army's breach. And, Defendant's Motion does not address what constitutes proximate cause in Tennessee.

---

[5] But the fact that Plaintiff has not yet estimated its damages is not a sufficient reason to grant Defendant's Motion and is in fact a different argument than the one advanced by Defendant.

11

Vanquish need only demonstrate that Defendant was a substantial factor in causing the injury, not the sole cause, last cause, or nearest cause, and that the harm Plaintiff caused was reasonably foreseeable. *See Middle Tennessee Lumber Co. v. Door Components, LLC*, No. 3:12-0343, 2014 WL 12788840, at *9 (M.D. Tenn. May 2, 2014); *Mansfield v. Colonial Freight Sys.*, 862 S.W.2d 527 (Tenn. Ct. App. 1993). This is important because Defendant appears to believe that, if he demonstrates that there was a licensing issue that may have partially caused the suspension, that Defendant should prevail on summary judgment. That proposition is inconsistent with the law. Even if Defendant could demonstrate that an issue with licensing was the most significant and compelling cause of the suspension, which Vanquish disputes below, that, as a matter of law, would not be enough to entitle Defendant to summary judgment, because Defendant could still be a proximate cause of the suspension.

There is adequate circumstantial evidence that would support a jury's verdict that Mr. Koshani was a proximate cause of the Army's breach of the NAT Contract. First, the Army admitted that it breached the NAT Contract when it suspended Vanquish. *See* Plaintiff's Statement of Material Facts, ¶¶ 28. And, the Army official that issued the suspension, Ms. Fragogiannis testified that the suspension was issued because Vanquish "did not have a valid AISA license." *See* Def.Mem. at 9. It stands to reason that if that justification was valid, the Army would not have admitted that it breached. But the timing of events also establishes Mr. Koshani's connection to the breach. When the NAT Contract was awarded to Vanquish in August 2011, Vanquish had included the same AISA license that Ms. Fragogiannis testified was not "valid." *See* Ex. E, attached to Defendant's Statement of Facts, Doc. 23-5. So, the Army originally found Vanquish's license to be valid in August 2011 and then one year later, in October 2012, found the same license to be not valid. *Id*. In the interim, in August 2012, Mr. Koshani, along with his co-conspirator,

12

began making false statements to the Army officials. Defendant has included an excerpt of the NAT Contracting Officer's deposition testimony; here is further testimony from Ms. Fragogiannis:

> Q. And then that changed between the time that you awarded the contract and the time that you issued your suspension on the 26th, only because Shafiq Koshani, through Bina Haroon, suggested, ultimately wrongfully, that it was him who owned the company and not Eric Barton; isn't that right?
> A. There was an alleged complaint the government looked into.
> Q. Right. And, ultimately, you concluded that that complaint was without merit?
> A. Correct. That did not change the fact that
>
> the company did not have the valid license to operate in the country.
> Q. A determination that the government only made for the first time ever only after Bina Haroon came to you with allegations from Shafiq Koshani, that the government found ultimately to be without merit; is that right?
> A. There were multiple allegations with payments and licensing and agreements.
> Q. All from Shafiq --
> A. The government looked at the licensing piece for Vanquish.
> Q. Only because Mr. Koshani brought up those allegations?
> A. Yes.

Fragogiannis deposition transcript excerpts, May 22, 2017, 35:4 – 36:15, copy attached as Ex. C to Plaintiff's Response to Defendant's Statement of Facts). This testimony is clear. According to Ms. Fragogiannis, Shafiqullah Koshani's false statements were a cause of the suspension. Stated

13

differently, but for Defendant's false statements and other communications with the U.S. Army, Vanquish would not have been suspended by the Army. At a minimum, based on the record, there is a genuine dispute of material fact as to whether Mr. Koshani was a cause of the suspension damages.[6]

### C. Vanquish did not recover in full from the Army.

Defendant argues that Vanquish already recovered its damages from the U.S. Government. Def.Mem. at 11. While it is true that Vanquish pursued claims against the Army and that the Army admitted that it breached the NAT Contract by suspending Vanquish, it is not accurate to say that Vanquish recovered the full amount of its claimed damages. In fact, a review of the Settlement Agreement between the Army and Vanquish shows that Vanquish compromised its claims and accepted approximately 80% of its claimed amount in the final settlement. Plaintiff's Response to Defendant's Statement of Material Facts, ¶¶27. Thus, at a bare minimum, Plaintiff is entitled to recover from Mr. Koshani the 20% that it did not recover from the Army.

But Defendant's argument does not make sense and would appear to be against public policy in any event. It appears that Defendant is saying that he should not bear any liability whatsoever for any of the false statements and improper actions that he took in violation of his NDA with Vanquish (if those are proven at trial) simply because the party that he induced to breach the contract already reimbursed Vanquish for the damages suffered from the NAT Contract breach. That makes no sense. Defendant's citation to an automobile accident case is inapposite. Here, there are distinct injuries and distinct wrongdoers. Mr. Koshani should not be permitted to escape liability simply because the Army has settled first. That is particularly offensive to a sense of fair play here, where the Army did not pay the full amount claimed by Vanquish.

---

[6] Alternatively, Plaintiff requests additional time to obtain discovery to respond fully to the Motion for Summary Judgment. *See* Declaration of Michael D. Maloney.

Further, even if Defendant were correct that Vanquish had been fully reimbursed for the total damages associated with the suspension caused by Defendant, summary judgment would still be improper as a matter of law as to Count IV. Specifically, that count is based on Tenn. Code Ann. § 47-50-109, which creates statutory liability for inducement of a breach of contract. An individual that induces a breach in accordance with T.C.A. § 47-50-109 is **automatically** liable for treble damages. Indeed, the statute is of a "penal nature" and "contemplates the imposition of a severe penalty." *Buddy Lee Attractions, Inc. v. William Morris Agency, Inc.*, 13 S.W.3d 343, 354-55 (Tenn.Ct.App.1999) (quoting *Emmco Ins. Co. v. Beacon Mut. Indem. Co.*, 204 Tenn. 540, 551 (1959)). Thus, although a party that induces a breach may be entitled to an offset in the amount paid in compensatory damages by the party that breached, the party that induced the breach is still liable for the remaining treble damages. *See Reinhart v. Knight*, No. M2004-02828-COA-R3-CV, 2005 WL 3273072 (Tenn. 2005). Thus, as a matter of law, Defendant's assertions regarding Vanquish's settlement with the United States may entitle Defendant to an offset against treble damages, but it does not entitle Defendant to summary judgment. For these reasons.

Defendant also argues that Plaintiff already has had "a full and fair opportunity" to litigate the issue of proximate cause, presumably in the *Koshani v. Barton* matter raised in Defendant's res judicata/collateral estoppel argument. *See* Mem. at 11-12. As discussed, above, that argument is without merit and should be rejected.

## CONCLUSION

For the reasons set forth above, and as set forth in the Response to Defendant's Statement of Material Facts, Plaintiff Vanquish Worldwide, LLC respectfully requests that this honorable Court deny Defendant's Motion for Summary Judgment in its entirety. Alternatively, as stated

above, Plaintiff requests additional time to discover additional facts to permit it to respond fully to the Motion.

Dated: July 15, 2019

Respectfully submitted,

　/s/  Michael Maloney
Michael Maloney
8300 Greensboro Drive, Suite 1100
Tysons, Virginia 22102
Telephone: 703.760.5200
Fax: 703.748.0244
Email: mmaloney@williamsmullen.com
(admitted *Pro Hac Vice*)

Garrett P. Swartwood (BPR # 021803)
Long, Ragsdale & Waters, P.C.
1111 Northshore Drive, S-700
Knoxville, Tennessee 37919
Telephone: (865) 584-4040
Facsimile: (865) 584-6084
Email: gswartwood@lrwlaw.com

*Counsel for Vanquish Worldwide, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2019, a copy of the foregoing Plaintiff's Response to Motion for Summary Judgment was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system and that parties may access this filing through that system.

/s/Michael D. Maloney
Michael D. Maloney